# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SLR PARTNERS, LLC and ROZI MEDICAL DEVICES LIMITED,<br><br>            Plaintiffs,<br><br>    vs.<br><br>B.BRAUN MEDICAL INC.,<br><br>            Defendant. | CASE NO. 09 CV 1145 JM RBB<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION**<br><br>Doc. No. 34 |

Plaintiffs SLR Partners, LLC and Rozi Medical Devices Limited seek reconsideration of the court's order granting Defendant B. Braun Medical Inc.'s motion to dismiss on claim preclusion grounds.

**I.    BACKGROUND**

Plaintiffs SLR Partners, LLC and Rozi Medical Devices Limited (collectively, "SLR") own United States Patent No. 5,006,114 (the "'114 patent") for technology that facilitates sterile, needle-less injections into intravenous lines. In 1992, SLR approached B. Braun Medical Inc. ("Braun") about a joint effort to develop the '114 patent into a commercial product.[1] To that end, the parties entered an exclusive licensing agreement.

---

[1] The licensing agreement was originally entered into by the predecessors of SLR Partners, LLC, Rozi Medical Devices Limited and B. Braun Medical Inc. For the sake of convenience, the court will refer to the parties and their predecessors as one entity each.

1    Nearly one year after entering the license agreement, SLR hired ViR Engineering ("ViR") to
2 develop commercially viable designs based on the '114 patent at SLR's expense. ViR developed five
3 designs that were ultimately presented to Braun by SLR. Braun then began funding ViR's work.
4 Unbeknownst to SLR, Braun began developing ViR's plans into a commercial product called the
5 UltraSite valve. In 1995, Braun obtained United States Patent No. 5,439,451 (the "'451 patent") on
6 the UltraSite valve, naming four ViR engineers as the inventors. Two years later, in 1997, SLR
7 learned about the development of the UltraSite valve and the '451 patent. SLR terminated the license
8 agreement.

9    In 1998, Braun sought a declaratory judgment that Braun, and not SLR, owned the '451 patent.
10 SLR counterclaimed for conversion, possession of personal property, fraud, and misappropriation of
11 trade secrets. SLR prevailed at trial and won damages based upon past and future sales of the
12 UltraSite valve, as well as punitive damages. At a subsequent equitable trial, the court gave SLR the
13 option of owning the '451 patent and foregoing future damages. SLR elected to own the '451 patent,
14 but this ruling was ultimately struck down by the Ninth Circuit. The parties then settled, with SLR
15 receiving approximately $26 million (slightly more than the trial court initially awarded) and Braun
16 maintaining ownership of the '451 patent.

17    SLR sued Braun for patent infringement, alleging that the UltraSite valve infringes the '114
18 patent. Braun moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) on three grounds:
19 claim preclusion, issue preclusion, and a release of claims provision contained in the parties' prior
20 settlement agreement. The court granted the motion on claim preclusion grounds.

21    SLR now moves the court—under either Federal Rule of Civil Procedure 59(e) or 60(b)(1)—to
22 reconsider its ruling on claim preclusion. SLR argues that the court improperly applied Ninth Circuit
23 law instead of Federal Circuit law, the court improperly based its ruling on issues of disputed fact, and
24 the court improperly reached the wrong conclusion under both Ninth Circuit and Federal Circuit law.
25 For the reasons stated below, the court denies SLR's motion for reconsideration.

26 **II.    LEGAL STANDARDS**

27    Under Federal Rule of Civil Procedure 59(e), a party may file a "motion to alter or amend a
28

judgment" within 10 days after the entry of judgment.[2] Federal Rule of Civil Procedure 60(b)(1) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "A motion under rule 60(b) must be made within a reasonable time," in this case no later than one year after entry of judgment. Fed. R. Civ. P. 60(c)(1). The court may repair its own mistake pursuant to Rule 60. *Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999).

## III.   DISCUSSION

SLR first contends that the court erred by applying Ninth Circuit law instead of Federal Circuit law. Where a claim preclusion issue is particular to patent law, Federal Circuit law applies. *Hallco Mfg. Co. v. Foster*, 256 F.3d 1290, 1294 (Fed. Cir. 2001). In this case, SLR's contention is of no moment, because the court sees no substantial difference between the application of Ninth Circuit and Federal Circuit law. The Federal Circuit applies the *Restatement (Second) of Judgments* on claim preclusion issues. *See Foster v. Hallco Mfg. Co.*, 947 F.2d 469, 478 (Fed. Cir. 1991). This approach is not substantially different than the approach applied by the Ninth Circuit concerning what constitutes a claim—the determinative issue here. *Compare id.* and *A.V. Costantini v. Trans Worlds Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982).

According to the Federal Circuit's application of the Restatement a "'claim' rests on a particular factual transaction or series thereof on which a suit is brought." *Foster*, 947 F.2d at 479.

> What factual grouping constitutes a 'transaction' . . . [is] to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

*Id.* (quoting *Restatement (Second) of Judgments*, § 24). Alternatively, to determine what constitutes a claim, the Ninth Circuit considers:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve

---

[2] Effective December 1, 2009, Federal Rule of Civil Procedure 59(e) gives parties 28 days to file a motion to alter or amend a judgment. Because SLR filed its motion on November 9, 2009, the court applies the prior version of Rule 59(e).

infringement of the same rights; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*A.V. Costantini v. Trans Worlds Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982). As applied to this case, the court finds these two statements of law not meaningfully distinguishable.

Even applying Federal Circuit law, this court is persuaded that SLR's current claim is precluded for two reasons. First, allowing SLR's claim to go forward risks giving SLR a double recovery. As discussed in the court's prior order, SLR has already been compensated for its contributions to the UltraSite valve design—which were based in large measure on the '114 patent—in the prior lawsuit. Second, as admitted by SLR during oral argument, SLR could have brought its patent infringement claim in the first lawsuit. It chose not to for *strategic reasons*: SLR intended to use its hoped-for success in the first lawsuit to fund its planned patent litigation at a later point. Preventing this strategic splitting of claims—which inefficiently uses the parties' and the court's resources—is an important policy underlying claim preclusion doctrine. *See Carson v. Dept. of Energy*, 398 F.3d 1369, 1375 (Fed. Cir. 2005) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)).

Furthermore, SLR cites no Federal Circuit case law that compels a different conclusion. SLR relies heavily on two cases which it contends compel a different result than the court reached in the prior order: *Kearns v. Gen. Motors Corp.*, 94 F.3d 1553 (Fed. Cir. 1996), and *SciMed Life Sys. v. Advanced Cardiovascular Sys., Inc.*, No. C. 99-0112 MJJ, 1999 WL 33244568 (N.D. Cal. May 17, 1999).

In *Kearns*, a patent holder's first case alleged infringement of five patents. 94 F.3d at 1554. The court denied the patent holder's motion to amend the complaint to assert infringement of additional patents. *Id.* Soon after, the court dismissed the action due to the plaintiff's failure to comply with certain court orders. *Id.* The plaintiff then filed a new suit, in a different state, alleging infringement of twenty one patents, including the five alleged in the prior case. *Id.* The district court dismissed the case on claim preclusion grounds, holding that all twenty one patents should have been litigated in the prior action. *Id.* The Federal Circuit disagreed as to the sixteen patents not alleged in the first action, and overturned the district court's dismissal of the claims related to those patents. *Id.* at 1555.

In *SciMed*, the plaintiff brought suit alleging infringement of three related patents. 1999 WL 33244568 at *1. During the pendency of the case, the plaintiff received another related patent, which it did not seek to include in the litigation. *Id.* When the plaintiff brought a second case alleging infringement of the fourth patent, the court denied the motion to dismiss on claim preclusion grounds because "each patent constitutes its own independent cause of action." *Id.* (citing *Foster v. Hallco Mfg. Co.*, 947 F.2d 469 (Fed. Cir. 1991)).

While both *Kearns* and *SciMed* support the general proposition that "each patent constitutes its own independent cause of action," neither case is analogous to the particular factual situation presented here. Importantly, neither of the plaintiffs in *Kearns* or *SciMed* received an award in the prior lawsuit that compensated them for the value of the patent they were asserting. SLR, however, received a settlement that closely followed a jury award intended to compensate SLR for its contributions to the UltraSite valve design, contributions spawned by the '114 patent. Therefore, while normally a plaintiff need not assert all possible patents against an alleged infringer or risk losing the right to assert them later, the particular history of litigation between SLR and Braun forecloses further claims on the '114 patent.

SLR also contends that the court's prior order depended on material facts in dispute. In particular, SLR argues that the court may not rely on the terms of the settlement agreement resulting from the parties' prior litigation. When ruling on a motion to dismiss on claim preclusion grounds, however, a court may take judicial notice of the extent of prior litigation. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). Furthermore, SLR does not actually dispute that it entered a settlement agreement with Braun to end the prior litigation.

SLR's other contentions lack merit as well. Braun never waived its right to assert claim preclusion in the settlement agreement or elsewhere.[3] Finally, the court will not review its balancing of the *Constantini* factors in its prior order. *Cf. A.V. Costantini v. Trans Worlds Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982).

///

---

[3] SLR implicitly asks the court to note the existence of the parties' settlement agreement by arguing that it contains Braun's waiver, while explicitly arguing that the court cannot take notice of the settlement agreement.

1  / / /

3  **IV.  CONCLUSION**

4      For the foregoing reasons, the court declines to reconsider its prior order.  SLR's motion for
5  reconsideration is DENIED.  The Clerk of the Court is directed to close the file.

6      **IT IS SO ORDERED.**

7  DATED: January 20, 2010

                                       Hon. Jeffrey T. Miller
                                       United States District Judge